**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 112297

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Denise Nicotri,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>Real Time Resolutions, Inc.,<br><br>　　　　　　Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Denise Nicotri (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Real Time Resolutions, Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Real Time Resolutions, Inc., is a Texas Corporation with a principal place of business in Dallas County, Texas.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated October 23, 2016. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

### FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(3)
### Validation of Debts

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

19. 15 U.S.C. § 1692g(a)(3) requires the notice to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

20. There is no requirement that the consumer dispute the debt in writing.

21. It is a violation of the FDCPA to require disputes be made in writing.

22. It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

23. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

24. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

25. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

26. The Letter states, directly beneath the required § 1692g(a)(3) statement, "Effective 10/21/2016, your correspondence and payments should be directed to the following addresses":

| Correspondence: | Payments: |
|---|---|
| REAL TIME SOLUTIONS, INC. | REAL TIME SOLUTIONS, INC. |
| P.O. Box 566027 | Attn: Payment Processing |
| Dallas, Texas 75356-6027 | P.O. Box 567749 |
| | Dallas, Texas 75356-7749 |

27. The Letter provides a phone number for Plaintiff to call "to discuss [his] account and current situation," but not to dispute the debt.

28. The language concerning correspondence overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

29. The language concerning correspondence contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

30. The language concerning correspondence, when examined from the perspective of

the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

31. The language concerning correspondence, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

32. The language concernin correspondence, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

33. Defendant's conduct, as set forth above, violates § 1692g(a)(3).

## SECOND COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

34. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

35. A debt collector has the obligation not just to convey the information required by 15 U.S.C. § 1692g, but also to convey such clearly.

36. Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

37. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

38. Defendant's letter contradicts the validation notice in that it would make the least sophisticated consumer uncertain or confused as to her right to dispute the debt by something other than in writing.

39. Defendant's letter overshadows the validation notice in that it would make the least sophisticated consumer uncertain or confused as to her right to dispute the debt by something other than in writing.

40. Defendant's conduct violates 15 U.S.C. § 1692g.

## THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

42. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

44. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

45. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

46. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading concerning Plaintiff's right to dispute the debt by something other than in writing, it is deceptive within the meaning of the FDCPA.

47. The least sophisticated consumer would likely be deceived by Defendant's conduct.

48. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

49. The least sophisticated consumer would be unsure as to whether a wrting or oral communication is necessary to dispute the underlying debt.

50. Defendant's conduct violates 15 U.S.C. § 1692e.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692e and § 1692f
### False or Misleading Representations

51. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

52. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

53. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

54. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

55. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

56. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

or deceptive means to collect or attempt to collect any debt."

57. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

58. §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

59. The Letter sets forth "Other Fees," in addition to "Accrued Interest" and "Late Fees."

60. The "Other Fees" are listed as "$0.00."

61. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

62. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

63. Although the "Other Fees" are listed as "$0.00," the Letter could reasonably be read by the least sophisticated consumer to mean that there could be "Other Fees" added to the debt in the future.

64. The Letter could reasonably be read by the least sophisticated consumer to imply that there could be "Other Fees," that *are not* interest or late fees, added to the debt in the future.

65. The Letter falsely implies that Defendant has the right to add "Other Fees" to the debt.

66. Defendant has no legal basis to add "Other Fees" to the debt.

67. The Letter could reasonably be read by the least sophisticated consumer to threaten to collect a fee.

68. The Letter falsely implies that Defendant has the right to add a fee to the debt.

69. Defendant has no legal basis to add a fee to the debt.

70. Defendant's conduct, as described, violates § 1692e and § 1692f.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## JURY DEMAND

71.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a.     Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    b.     Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    c.     Plaintiff's costs; all together with

    d.     Such other relief that the Court determines is just and proper.

DATED: October 26, 2017

**BARSHAY SANDERS, PLLC**

By:  /s/ *Craig B. Sanders* _____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 112297